UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIK McKISSICK, | 2:14-CV-002 JCM (CWH) |
| Plaintiff(s), | |
| v. | |
| BANK OF AMERICA, | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendant Bank of America's motion to dismiss. (Doc. # 6). Plaintiff Erik McKissick has filed a response (doc. # 9) and defendant has filed a reply (doc. # 10).

**I.      Background**

In or around August 2013, plaintiff attempted to cash several checks at a Las Vegas branch of Bank of America. Plaintiff, an African-American, alleges he was harassed by a Bank of America representative, Stefanie Tyler. He alleges Tyler called the issuers of the checks to verify that the checks were intended for plaintiff. Plaintiff alleges he did not see Tyler do this for other caucasian customers. It is further alleged that Tyler called plaintiff a "black, ignorant fool" and told him "not to come back into her store."

Based on that incident, plaintiff alleges his constitutional rights were violated. Although unclear from the complaint, it appears plaintiff is asserting a claim for racial discrimination under 42 U.S.C. § 1983, a pendant state law claim for intentional infliction of emotional distress, and requesting an injunction.

**James C. Mahan**
**U.S. District Judge**

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

## III.   Discussion

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and

citations omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986)

    A.    42 U.S.C. § 1983

To establish a cognizable claim under section 1983, a plaintiff must allege two elements: (1) that the defendant violated a right secured by the Constitution and laws of the United States, and (2) that the defendant was acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also e.g. Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The only allegation in the complaint is that Tyler, a private party, in the course of her employment with Bank of America, a private bank, discriminated against plaintiff.  It is well established that private banks in these circumstances cannot be considered state actors or held to be acting under color of law.  *See, e.g., Dailey v. Bank of America*, 106 Fed.Appx. 533 (9th Cir. 2004)(affirming district judge's conclusion that bank was neither a state actor nor acting under color of state law and dismissing the complaint).

Even interpreting the complaint under the liberal standard afforded to *pro se* litigants, the court concludes that plaintiff cannot establish a section 1983 claim as a matter of law.

    B.    *State law claim*

Plaintiff's complaint contains a claim for intentional infliction of emotional distress and seeks an injunction.

This court has the discretion to decline to hear supplemental state law claims once it has dismissed all federal claims.  *San Pedro Hotel Co., Inc v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir.1998); 28 U.S.C. § 1367(c) (stating that a "district court[ ] may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction."). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (ellipses omitted) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988).

The issue of whether the defendant is liable on the remaining tort claim is best resolved by Nevada state courts interpreting Nevada law. The claim is dismissed without prejudice.

**IV. Conclusion**

Even assuming the allegations are true, there is nothing in the complaint to support the notion that the either Tyler or Bank of America was acting under color of state law when the incident occurred. Thus, there is no cause of action under section 1983.

Because the only federal cause of action is dismissed, the court declines to exercise jurisdiction over the remaining state law claim and the request for an injunction.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to dismiss (doc. # 6) be, and the same hereby is, GRANTED. The clerk shall enter judgment accordingly and close the case.

DATED April 17, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -